# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 30, 2019

```
* * * * * * * * * * * * *
SHIRLEY DEW,                          *
                                      *
        Petitioner,                   *      No. 16-1238V
                                      *      Special Master Oler
v.                                    *
                                      *      Attorneys' Fees and Costs
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
        Respondent.                   *
* * * * * * * * * * * * *
```

*Mark T. Sadaka*, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.
*Linda S. Renzi*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 30, 2016, Shirley Dew ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that she suffered vestibular neuronitis as a result of an influenza vaccination administered on October 2, 2013. *See* Petition, ECF No. 1. On July 13, 2018, petitioner filed an unopposed motion for a decision dismissing her petition, and on July 17, 2018, the undersigned issued her Decision dismissing the petitioner for insufficient proof. Decision, ECF No. 33.

On January 28, 2019, Petitioner filed an application for attorneys' fees and costs. ECF No.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

38 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $17,319.62, representing $14,016.32 in attorneys' fees and $3,303.30 in attorneys' costs. Fees App at 4. Pursuant to General Order No. 9, Petitioner has indicated that she has not personally incurred any costs in pursuit of this litigation. ECF No. 34. Respondent responded to the motion on February 12, 2019, stating that "[i]f the Special Master is satisfied that this case as filed and proceeded with a reasonable basis, and the Special Master further decides to exercise her discretion to award fees and costs in this uncompensated case, then the Federal Circuit has made it clear that the determination of the amount of reasonable attorneys' fees is within the special master's discretion" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 3-4. ECF No. 29 (internal quotations omitted). Petitioner filed a reply on February 19, 2019, reiterating her belief that the requested amount of attorneys' fees and costs is reasonable. Reply at 1, ECF No. 40.

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, the undersigned does not doubt that the petition was filed in good faith, and although the petition was eventually dismissed, the undersigned finds that there was reasonable basis to file the petition. Respondent has also not challenged the reasonable basis of the petition. Accordingly, a final award of fees is appropriate.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.  Reasonable Hourly Rates

Petitioner requests the following rates of compensation for the work of her attorney, Mr. Mark Sadaka: $350.00 per hour for work performed in 2015, $362.95 per hour for work performed in 2016, $376.38 per hour for work performed in 2017, and $396.00 per hour for work performed

in 2018. Fees App. at 4. Petitioner also requests that paralegals be compensated at rates between $135.00 per hour to $150.55 per hour depending on the year of the work. *Id.* These rates are consistent with what Mr. Sadaka and his staff have consistently been awarded by the undersigned and other Special Masters. Accordingly, no adjustment to the requested rates is necessary.

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The undersigned has reviewed the submitted billing entries and finds the number of hours billed in this matter (68.50) to be reasonable. The billing entries provide sufficiently detailed descriptions of the tasks performed and the amount of time it took to perform them. Respondent also has not identified any particular entries as objectionable. Accordingly, petitioner is entitled to the full amount of attorneys' fees requested.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $3,303.30 in attorneys' costs. This amount consists of acquiring medical records, postage charges, the Court's filing fee, and a retainer paid to Dr. Marcel Kinsbourne for review of medical records. Fees App. Ex. A at 19-20. Petitioner has provided adequate documentation of all these expenses and all are reasonable in the undersigned's experience. Accordingly, the requested costs shall be awarded in full.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $14,016.32 |
| (Reduction to Total Hours) | - |
| **Total Attorneys' Fees Awarded** | **$14,016.32** |
| | |
| Attorneys' Costs Requested | $3,303.30 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$3,303.30** |
| | |

| Total Amount Awarded | $17,319.62 |
|---|---|

**Accordingly, the undersigned awards a lump sum in the amount of $17,319.62, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Mr. Mark T. Sadaka.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**/s/Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).